UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ORLANDO J. MARTINEZ, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § § § | Civil Action No.  SA-10-CV-1009-XR |
| WELLS FARGO BANK, N.A., | | |
| *Defendant*. | | |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 4).  For the following reasons, the Court GRANTS the motion to dismiss without prejudice to Plaintiff filing an amended complaint.

**Background**

In August 2007, Plaintiff Martinez executed a Texas Home Equity Deed of Trust with Defendant Wells Fargo for the property at 12651 Point Canyon, San Antonio, Texas, 78253.  Plaintiff filed for Chapter 13 bankruptcy in January 2010, and the bankruptcy case remains pending.

Defendant issued notices of default and intent to accelerate on the loan, and placed the subject property for foreclosure sale on November 2, 2010.  On November 1, 2010, Plaintiff filed a Petition to Determine Arrearage and Application for a Temporary Restraining Order and Injunction in the 407th Judicial District Court for Bexar County, Texas.[1]  The Court granted an ex parte Temporary

---

[1] Pl.'s Orig. Pet. To Determine Arrearage and Application for Temporary Restraining Order and Injunction 2, Nov. 1, 2010 (Case No. 2010CI-18347) (Ex. C to Docket Entry No. 1).

Restraining Order prohibiting the foreclosure sale, and set a hearing on the Temporary Injunction for November 16, 2010.[2] Defendant filed a Response and Motion to Dismiss the Application for Temporary Injunction in the state court on November 16, 2010,[11] and removed the case to this Court on December 15, 2010.[12] On January 4, 2011, Defendant filed its motion to dismiss for failure to state a claim.[13]

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought". FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## Analysis

Plaintiff's petition alleges that he filed a suit for partition against co-borrower Elizabeth

---

[2]Docket Information Sheet, Case No. 2010CI-18347 (Ex. B. to Docket Entry No. 1).

[11]Def.'s Resp. and Mot. To Dismiss, Nov. 16, 2010 (Ex. C to Docket Entry No. 1).

[12]Def.'s Notice of Removal, Dec. 15, 2010 (Docket Entry No. 1).

[13]Def.'s Mot. to Dismiss, Jan. 3, 2011 (Docket Entry No. 4).

Gonzalez in March 2009, and that the District Court ordered Gonzalez to have temporary possession of the home and to make monthly mortgage payments to Defendant.[14] He alleges that Gonzalez failed to make timely payments, and that the 73rd District Court held her in contempt, confirmed that back mortgage payments were her responsibility, and ordered her to make past due payments to Defendant and to sign a Warranty Deed conveying her interest in the property to Plaintiff.[15] Plaintiff filed for bankruptcy in January 2010.[16] He alleges that all past due mortgage payments were made part of the bankruptcy plan, that he continued to pay past due mortgage payments through the trustee and directly to Wells Fargo for the months of February until September 2010, and that Wells Fargo accepted and never returned the payments.[17] He further alleges that Defendant has failed to prove that he Plaintiff was in arrears under the terms of the Deed of Trust, and that Defendant failed to properly notify Plaintiff of the lift of the stay and acceleration of the debt owed by co-borrower Gonzalez.[18]

Defendant asserts that Document # 51 filed in the bankruptcy proceedings conclusively establishes that Plaintiff was provided notice of the foreclosure per prior order of the bankruptcy court.[19] Document # 51 provides notice that the automatic stay of foreclosure imposed by the bankruptcy court in an earlier order will be terminated, due to the debtor's failure to cure the default.[20]

---

[14] Def.'s Orig. Pet. ¶ 8.

[15] *Id.* ¶ 9.

[16] *Id.* ¶ 10.

[17] *Id.*

[18] *Id.* ¶¶ 15-16.

[19] Def.'s Mot. to Dismiss at 1.

[20] Notice of Termination of Automatic Stay Due to Failure to Cure Default, Aug. 10, 2010 (Docket Entry No. 51, W.D. Tx. Bankr. Case No. 10-BK-50031-LMC); *see* Agreed Order

Defendant argues that Plaintiff's complaint is an impermissible attempt to circumvent a lawful bankruptcy court order, and therefore fails to state a claim upon which relief can be granted.[21] Thus, Defendant argues that the entire cause of action may be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

Plaintiff does not assert any specific causes of action in his complaint. He alleges that Defendant "failed to properly notify Plaintiff of the lift of [the automatic foreclosure] stay in order to accelerate the debt owed by the co-buyer"; that "no certified letters were sent to his home nor signed by any members of the household"; and that Defendant "failed to demonstrate how Plaintiff was in arrears under the terms of the Deed of Trust."[21] He further alleges that Defendant "erroneously maintained its record of payment thereby wrongfully scheduling foreclosure"; that he "continued to pay past due mortgage payments through the trustee and made current mortgage payments directly to Wells Fargo for the months of February through September 2010"; and that Defendant "should be ordered to account for the total of the arrears of the sums allegedly owed by Plaintiff and account for all notices which were provided to borrowers in compliance with the Texas Property Code."[22]

These allegations do not provide enough information regarding the underlying cause of action so as to enable Defendant to file a responsive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005). Plaintiff's request for an injunction identifies the relief he seeks, but does not state a claim in the absence of an underlying cause of action. Accordingly, even taking all the

---

Conditioning Automatic Stay as to Debtor, Apr. 29, 2010 (Docket Entry No. 31, W.D. Tx. Bankr. Case No. 10-BK-50031-LMC).

[21] Def.'s Mot. to Dismiss at 2.

[21] Pl.'s Orig. Pet. ¶ 15-16.

[22] *Id.* ¶¶ 10-11, 17.

factual allegations in the complaint as true, the complaint fails to state a "short and plain statement of the claim" showing that Garcia is entitled to relief, and is subject to dismissal. FED. R. CIV. P. 8(a), 12(b)(6).

A Court generally should not dismiss a complaint in its entirety without offering an opportunity for the plaintiff to amend the complaint in order to state a claim upon which relief can be granted. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). In this case, this Court finds that the Plaintiff is entitled to amend his pleading in order to provide a more definite statement of the cause of action underlying his demand for injunctive relief.

## Conclusion

Defendant's motion to dismiss the complaint is GRANTED without prejudice to Plaintiff re-filing an amended complaint. Plaintiff is directed to file an amended complaint on or before March 31, 2011, specifying the causes of action upon which he believes he is entitled to relief. If Plaintiff fails to file an amended complaint by that date, the Court may dismiss the case.

It is so ORDERED.

SIGNED this 17th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE